**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**JEFFERSON–PILOT LIFE INSURANCE
COMPANY, Defendant–Appellant.**

No. 94–1756.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 1, 1994.

Decided March 15, 1995.

**ARGUED:** Dean Francis Chatlain, Vice-President/Tax Counsel, Jefferson–Pilot Life Ins. Co., Greensboro, NC, for appellant. William J. Patton, Tax Div., U.S. Dept. of Justice, Washington, DC, for appellee. **ON BRIEF:** Loretta C. Argrett, Asst. Atty. Gen., Gary R. Allen, William S. Estabrook, Walter Clinton Holton, Jr., U.S. Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for appellee.

Before HALL and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

Affirmed by published opinion. Senior Judge PHILLIPS wrote the opinion, in which Judge HALL and Judge MICHAEL joined.

## OPINION.

PHILLIPS, Senior Circuit Judge:

Jefferson–Pilot Life Insurance, Co. appeals from the district court's grant of summary judgment ordering it to comply with a tax levy served by the United States. Finding no error, we affirm.

### I.

The relevant facts are not in dispute. From May 1, 1989 until May 29, 1992, John M. Simmons served under contract with Jefferson–Pilot Life Insurance Co. (Jefferson–Pilot) as an independent contractor insurance salesman. The contract between the two required Jefferson–Pilot to pay Simmons commissions for work as they were earned for services performed under the contract.

As of early 1992, Simmons had accrued federal tax liabilities amounting to $84,395.18. The Internal Revenue Service (IRS) issued Simmons proper notice of its intent to levy on his income. Simmons failed to pay the taxes specified in the notice.

On March 18, 1992, the IRS served Jefferson–Pilot with a notice of levy for Simmons' wages, salary, or other income. By its terms, the notice placed a levy on:

(1) all wages and salary for personal services of this taxpayer that you now possess or for which you are obligated, from the date you receive this notice of levy until a release of levy is issued, and (2) other income belonging to this taxpayer that you now possess or for which you are obligated.

J.A. 48. Jefferson–Pilot returned the levy to the IRS without payment, stating that the notice constituted a one-time levy, and that no amounts were due and owing to Simmons as of March 18, 1992. Subsequently, Jefferson–Pilot made four payments to Simmons: $1,414.62 on April 6, 1992; $1,232.34 on April 16, 1992; $739.37 on May 6, 1992; and $1,028.97 on May 8, 1992. The IRS served Jefferson–Pilot with a final demand for compliance with the levy on April 9, 1992, but Jefferson–Pilot failed to respond with payment.

On June 1, 1992, the IRS commenced this action to enforce the levy against Jefferson–Pilot. The IRS moved for summary judgment, arguing that the levy served on Jefferson–Pilot was a continuing levy under 26 U.S.C. § 6331(e), such that the payments made to Simmons after the date of the levy were in fact subject to the levy. In response, Jefferson–Pilot filed a cross motion for summary judgment, contending that the IRS only had the power to serve it with a one-time levy because it was not Simmons' employer. Since Jefferson–Pilot had no financial obligations to Simmons as of March 18, 1992, Jefferson–Pilot argued that it had complied with the levy fully. The district court agreed with the IRS, holding that the levy was continuing in nature, such that Jefferson–Pilot owed the IRS the amount of payments made to Simmons after the date of the levy, plus interest.

This appeal followed.

### II.

We review the district court's grant of summary judgment de novo. *Goodman v. Resolution Trust Corp.*, 7 F.3d 1123, 1126 (4th Cir.1993). In addition, we review issues of statutory interpretation de novo. *United States v. Coyle*, 943 F.2d 424, 426 (4th Cir. 1991).

If an individual fails to meet his tax obligations after demand, a lien automatically arises on all of his property and rights to property. 26 U.S.C. § 6321. This lien continues until the obligation is satisfied. 26 U.S.C. § 6322. If the tax remains unpaid after notice and demand for payment, the Secretary of the Treasury may "collect such tax ... by levy upon all property and rights to property ... belonging to such persons." 26 U.S.C. § 6331(a). Most tax levies imposed by the IRS are "one-time" levies and "extend only to property possessed and obligations existing" as of the date of the levy. 26 U.S.C. § 6331(b). Levies made on "salary or wages," however, are "continuous from the date such levy is first made until such levy is

released under section 6334." 26 U.S.C. § 6331(e). The parties agree that if the levy in question was in fact continuing under § 6331(e), the payments made to Simmons after March 18, 1992 were subject to levy. The district court held that commissions paid to an independent contractor may be subjected to a continuing levy under § 6331(e), and we agree.

Jefferson–Pilot argues that because Simmons was not its employee, but an independent contractor, any obligation owed to Simmons cannot be considered "salary or wages" under the continuing levy provision. Section 6331 does not contain a definition for either the term "salary" or the term "wages." According to the regulations promulgated by the Secretary of the Treasury, however, the terms include "compensation for services paid in the form of fees, *commissions*, bonuses, and similar items." Treas.Reg. § 301.6331–2(c) (1994) (emphasis added). It is upon this regulation that the IRS relies.

█ The IRS contends that its interpretation of 26 U.S.C. § 6331(e) to include the commissions of independent contractors is reasonable. We agree. The general principles respecting the deference courts must accord administrative interpretations of statutes are those outlined by the Supreme Court in *Chevron, U.S.A. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), which sets out a two-step test to guide judicial review of agency interpretation. First, a court must determine whether Congress has spoken to the precise issue at hand. "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Id.* at 842–43, 104 S.Ct. at 2781. If the statute is not so unambiguous in expressing congressional intent, a court must then determine whether the agency's interpretation is a permissible one. *Id.* at 845, 104 S.Ct. at 2783. In 26 U.S.C. § 6331(e), Congress expressly

authorized the IRS to impose continuing levies on "salary or wages payable to or received by a taxpayer."[1] 26 U.S.C. § 6331(e). This provision cannot be said to express unambiguously congressional intent on the matter in issue: whether commissions paid to an independent contractor are subject—as clearly are the "salary and wages" of employees—to continuing tax collection levies.

We must therefore turn to the second step and determine whether the IRS' interpretation of § 6331(e) to include the commissions of independent contractors is a permissible construction of the statute. *Id.* at 845, 104 S.Ct. at 2783; *see also Motley v. Heckler*, 800 F.2d 1253, 1254–55 (4th Cir.1986). In so doing, we "may not substitute[our] own construction of [the] statutory provision for a reasonable interpretation made by the [IRS]," *Chevron*, 467 U.S. at 844, 104 S.Ct. at 2782, but must uphold the IRS' interpretation if it is "rational and consistent with the statute." *NLRB v. United Food & Commercial Workers Union Local 23*, 484 U.S. 112, 123, 108 S.Ct. 413, 421, 98 L.Ed.2d 429 (1987).

█ Jefferson–Pilot first contends that the IRS' interpretation is flatly inconsistent with the plain meaning of § 6331(e). We disagree. The words "wages or salary payable to or received by a taxpayer" are not so specific as to exclude the possibility that Congress intended the provision to encompass commissions paid to an independent contractor. The underlying purpose of the provision is to provide a means of levying upon remuneration payable to a taxpayer on a recurring basis for personal services performed for the payor. The provision does not clearly rule out its extension to the commissions here in issue: commissions payable to independent contractors plainly have these critical characteristics. This is borne out by the legislative history, to which we may resort in view of the ambiguity created by the undefined phrase "salary or wages." That

1. Jefferson–Pilot argues that even if this Court must accord the IRS deference when reviewing its interpretation of § 6331(e) to include "commissions," that same deference is not required when reviewing the IRS' interpretation of its own regulation to include the commissions of independent contractors. We disagree. A court must still adhere to the principles of deference when reviewing an agency's interpretation of its own regulation. *See Maryland Dept. of Human Resources v. United States Dept. of Agric.*, 976 F.2d 1462, 1474–75 (4th Cir.1992).

history indicates that Congress enacted the continuing levy provision to ease the "substantial administrative problems" that would be faced if the IRS could only impose successive levies upon remuneration contractually owed a defaulting taxpayer for personal services. S.Rep. No. 94–938, 94th Cong., 1st Sess. 388–89 (1976); *see also* H.R.Rep. No. 94–658, 94th Cong. 1st Sess. 304–06 (1975) U.S.Code Cong. & Admin.News 1976, 2897. The IRS' interpretation directly effectuates the underlying purpose thus revealed. This conclusion is not undercut by those portions of the legislative history to which Jefferson–Pilot points, in which legislators used the term "employer" when discussing the continuing levy provision. We think these reflect no more than that § 6331(e) was undoubtedly intended most commonly to reach wages paid to payroll employees and that "employer" in common usage probably includes anyone who engages the personal services of another.

We also find unpersuasive Jefferson–Pilot's contention that the IRS' interpretation of § 6331(e) is unreasonable in light of its interpretations of comparable provisions in the Internal Revenue Code. Central to its position is the argument that "salary or wages," as contained in § 6331(e), must have the same meaning. as the term "wages" in the employment tax provisions.[2] There is no indication in the Code, however, that Congress intended to coordinate the meanings of these terms between the two separate sets of provisions. If Congress had so intended, it easily could have included in § 6331(e) a cross reference to the employment tax provisions, as it has done repeatedly in other sections of the Code.[3] In addition, the definitional provisions to which Jefferson–Pilot refers specifically limit the scope of their effect. *See* 26 U.S.C. §§ 3121(a), 3401(a) ("For the purposes of this chapter....").

Finally, we find unconvincing several policy arguments advanced by Jefferson–Pilot. Principally, Jefferson–Pilot argues that it would place an extreme administrative burden on it if computer systems had to be developed to keep track of pending continuing levies on remuneration owed various types of independent contractors. Assuming—without accepting—the premise of extreme burdens, the first response to this policy argument is that it is "more properly addressed to legislators or administrators, not to judges." *Chevron*, 467 U.S. at 864, 104 S.Ct. at 2792. The second is that, as Congress expressly recognized, to limit the IRS to successive levies upon recurring payments to taxpayers would impose significant administrative burdens on the agency. So there are opposing policy considerations at work in this aspect of the matter. In that situation, having determined "that [the IRS'] interpretation of the statute is a permissible one, we need not consider whether 'the agency construction was the only one it permissibly could have adopted ...' or even the reading [we] would have reached' on our own." *Maryland Dept. of Human Resources v. United States Dept. of Agric.*, 976 F.2d 1462, 1476 (4th Cir.1992) (quoting *Chevron*, 467 U.S at 843, 104 S.Ct. at 2782).

*AFFIRMED.*

---

2. Under the Federal Insurance Contributions Act and the Federal Unemployment Tax Act, the term "wage" is defined as "all remuneration for employment." 26 U.S.C. §§ 3121(a), 3306(b). Under the income tax withholding provisions, the term is defined as "all remuneration ... for services performed by an employee for his employer." 26 U.S.C. § 3401(a).

3. *See, e.g.,* 26 U.S.C. §§ 51(c)(1); 162(*l*)(5)(A); 274(e)(2); 275(a)(1)(C); 936(i)(1)(D)(i); 1397(a)(1); 1402(d); 4999(c)(1); 6014(a); 6051(a)(3); 6051(a)(5); 6051(b); 6053(a); 6157(b); 6413(c); 6652(b); and 7871(c)(3)(D)(i).