# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 25, 2010

No. 09-60402

Charles R. Fulbruge III
Clerk

MISSION PRIMARY CARE CLINIC, PLLC,

Plaintiff - Appellant

v.

DIRECTOR, INTERNAL REVENUE SERVICE,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:07-CV-162

Before DAVIS, WIENER, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Mission Primary Care Clinic, PLLC was held liable for its failure to honor an IRS levy on the salary, wages, and other income of member Mark Stanley. Mission argues on appeal that disbursements made to Stanley after notice of the levy were not "salary or wages" such that they were subject to a continuous levy under 26 U.S.C. § 6331(e). We hold that the levy was proper because the disputed payments constitute "salary or wages" under the statute. We AFFIRM the district court's determination that Mission was indeed liable for its failure

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60402

to honor the IRS levy.  We also hold that Mission is entitled to assert Stanley's statutory personal exemption to reduce its liability to the IRS.  We therefore REVERSE and REMAND for recalculation of the amount of Mission's liability.

## I.  STATEMENT OF FACTS

Mission Primary Care Clinic, PLLC is a Mississippi company providing medical care services in Vicksburg.  Each of Mission's members is a corporation or limited liability company owned exclusively by a practicing physician.  Mission operates by collecting fees for medical services provided by its members.  It then remits them to the member who earned the fee, less operating and overhead expenses.  Members receive payments from Mission only from their individual patients based on the work performed specifically by that member.

Mark Stanley is a licensed physician practicing in Mississippi, and is the president and sole shareholder of Vicksburg Primary Care Team, Inc. ("VPCT"), a Mississippi Subchapter S-Corporation.  After establishing VPCT, Stanley or VPCT[1] became a member of Mission.  There is no written membership agreement between Mission and either Stanley or VPCT.

On March 19, 2007, the Internal Revenue Service issued a Notice of Levy of Wages, Salary, and Other Income to Mission against Stanley.  Stanley allegedly owed more than $330,000 in personal income taxes.  Mission received the Notice on March 23, but it did not remit any payment to the IRS.  Instead, Mission continued distributing funds to Stanley.

During the period following service of the Notice, Mission issued nine checks on its account made payable to Stanley.  Stanley himself prepared and endorsed the checks from Mission, then deposited them into his personal bank account.  The checks, totaling $42,300, varied in amount and were made at irregular but frequent intervals throughout March, April, and May of 2007.

---

[1] The parties dispute whether Stanley or VPCT was a member of Mission.  As we will discuss, the distinction is not material to the outcome of this case.

No. 09-60402

On June 1, Stanley sent a letter to the IRS, claiming that a substantial portion of the income levied was exempt under the Internal Revenue Code. On June 15, he also sent a letter to Mission asserting several objections and defenses to the levy and demanding payment of any outstanding funds due him for services rendered after March 19.

On August 17, 2007, Mission filed an Interpleader Complaint in the District Court for the Southern District of Mississippi. Mission named Stanley, VPCT, and the IRS as Defendants to the action.

The IRS answered and asserted a counterclaim against Mission.[2] The IRS contended that, pursuant to 26 U.S.C. § 6332(d)(1), Mission was liable to the IRS for its failure to honor the Notice of Levy. Specifically, the IRS claimed that Mission was responsible for all payments made to Stanley and/or VPCT after Mission received the Notice. The IRS originally sought $63,023.50 plus interest and costs, though that amount was later reduced to $43,200. The district court subsequently dismissed the Interpleader action, leaving only the IRS's counterclaim to be resolved.

The parties filed cross-motions for summary judgment on the IRS's counterclaim. The district court granted summary judgment in favor of the IRS. The court concluded that the payments made to Stanley by Mission between March and June of 2007 constituted "salary or wages" pursuant to 26 U.S.C. § 6331(e). As a result, the court held that the funds disbursed after March 19, 2007 were subject to a continuing levy. The court also rejected Mission's alternative arguments that the funds were exempt loans to Stanley, or that the disputed funds were not covered by the levy because Mission's only financial obligation was to VPCT as a corporation, and not to Stanley as an individual.

---

[2] Stanley and VPCT also answered. The remaining claims between Mission and Stanley/VPCT are not relevant to this appeal.

3

Mission then submitted a motion to clarify the district court's opinion. The motion asked whether Mission's liability to the IRS should be reduced by exemptions to which Stanley may have been entitled pursuant to 26 U.S.C. § 6334. The district court refused to allow Mission to claim those exemptions on Stanley's behalf. Mission timely appealed the grant of summary judgment and the denial of the motion to clarify.

## II. DISCUSSION

A grant of summary judgment is reviewed *de novo*. *Noble Energy, Inc. v. Bituminous Cas. Co.*, 529 F.3d 642, 645 (5th Cir. 2008). Summary judgment is appropriate where the competent evidence demonstrates that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c)(2). The judgment may be affirmed on any ground that was raised below and is supported by the record. *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 478 (5th Cir. 2008).

The IRS may levy against the property of any taxpayer who does not pay his or her taxes. 26 U.S.C. § 6331(a). Such levies may be made by serving a notice of levy on third parties in possession of property belonging to the taxpayer. *Id*. § 6331(d)(1). Parties who receive a notice of levy must turn over the disputed funds or property to the IRS. *Id*. § 6332(a). The purpose of a Section 6331 levy is to "protect the Government against diversion or loss while [its tax] claims are being resolved." *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 721 (1985).

A levy applies to "salary or wages" differently than it does to most other forms of property. Typically, a party served with a levy must only remit whatever property of the taxpayer is in its possession at the moment the levy is served. 26 U.S.C. § 6331(b). However, if the property levied is "salary or wages" of the taxpayer, the levy is "continuous from the date such levy is first made until such levy is released" by the IRS. *Id*. § 6331(e). The continuing levy

provision exists to promote efficiency and ease the administrative burden that would be required for the IRS to levy independently on repetitive payments. *See* S. Rep. No. 94-938 (1976), *as reprinted in* 1976 U.S.C.C.A.N. 3439, 3818.

The payments at issue here were drawn on Mission's bank account after the levy was served. The parties agree that the funds disbursed after March 23 did not yet belong to Stanley at the time Mission received the notice of levy. Thus, whether the IRS may claim the $42,300 turns on whether those payments may be characterized as "salary or wages" subject to a continuing levy under Section 6331(e).

A.    *Salary or wages under Section 6331(e)*

The term "salary or wages" is not defined in the levy statute. A Treasury Regulation elaborates on the phrase:

> [T]he term salary or wages includes compensation for services paid in the form of fees, commissions, bonuses, and similar items. The levy attaches to both salary or wages earned but not yet paid at the time of the levy, advances on salary or wages made subsequent to the date of the levy, and salary or wages earned and becoming payable subsequent to the date of the levy, until the levy is released pursuant to section 6343.

26 C.F.R. § 301.6331-1(b)(1). The regulation does not provide guidance on what types of payments constitute "similar items" of compensation for the purposes of a continuing levy. *See Meehan v. Comm'r of Internal Revenue*, 122 T.C. 396, 401 (2004). Mission contends that payments made to a member of an LLC do not constitute items sufficiently similar to salary or wages to allow use of Section 6331(e) to levy on them.

The interpretation of Section 6331(e) is a matter of first impression in this Circuit. In fact, only one of our sister circuits has analyzed the "salary or wages" provision of the statute. *See United States v. Jefferson-Pilot Life Ins. Co.*, 49 F.3d 1020 (4th Cir. 1995). The Fourth Circuit held Section 6331(e) to be ambiguous, noting that the term "salary or wages" is not so specific as to exclude

the possibility that Congress intended the statute to cover similar though not identical payments. *Id*. at 1022. The court instead relied on the Treasury Regulation we have quoted to hold that commissions paid to an independent contractor are "salary or wages" and thus subject to a continuing levy. *Id*.

While the payments in *Jefferson-Pilot* were different in character than those made here, the opinion is instructive. Like the defendants in *Jefferson-Pilot*, Mission argues that Section 6331(e) ought to be interpreted in accordance with its plain language. Essentially, Mission invites this Court to accept the label Mission has assigned to the disputed payments while rejecting the Treasury Regulation interpreting the statute. We decline to do so. As did the court in *Jefferson-Pilot*, we will focus on the "critical characteristics" of the payments rather than on their label. *Id*. at 1022.

Accordingly, we turn to our own precedent interpreting provisions of the Tax Code for guidance in determining which characteristics of "salary or wages" are relevant. In one appeal, a corporate taxpayer wished to deduct the salary paid to its president from its tax liability to the IRS. *Bramlette Blg. Corp., Inc. v. Comm'r of Internal Revenue,* 424 F.2d 751, 753-54 (5th Cir. 1970). Such deduction was only permitted if the disputed payments were actually salary and not dividends. *Id*. at 754. We identified four factors to be considered in distinguishing between payments of dividends and a salary: (1) whether the services performed were more like those performed by an employee or a shareholder; (2) whether there was corporate authorization for the payment of salaries; (3) whether book entries showed periodic payments or lump sum payments; and (4) whether the payments bear a relationship to the earnings of the corporation. *Id*. The district court applied each factor to this case in the light most favorable to Mission and concluded that the disputed payments were salary or wages.

No. 09-60402

Two of the *Bramlette* factors emerge as particularly compelling. First, the payments to Stanley were made periodically, rather than in a lump sum. Although the payments were not made at set intervals, they were paid frequently.

Second, the disbursements to Stanley were directly proportionate to his own work product, and not to an ownership share. There is a direct correlation between Stanley's labors and the payment he received. Additionally, the evidence demonstrates that Mission's overall profitability did not directly impact the amount of Stanley's receipts. Mission contends that the deduction of overhead fees and costs from Stanley's distributions means that the payments were not directly proportionate to his work. The relevant question, though, is whether the disbursements to Stanley depended on the work performed for Mission. We find that they did. In fact, in the absence of the work performed, Stanley would have received nothing from Mission. Thus, the disputed funds were more akin to wages than to a pure distribution of profits.

The final two *Bramlette* factors are not as persuasive but are nonetheless relevant. The services Stanley rendered for Mission could just as easily have been performed by an employed physician as by a member. Stanley merely rendered services for Mission which resulted in income, much like an employee or an independent contractor. Further, although Mission did not explicitly pay "salaries," its practice was to pay its members periodically and frequently in the manner of a salary.

All of these characteristics support the conclusion that the payments to Stanley were "salary or wages" within the meaning of Section 6331(e).

B.    *Payments to Stanley as loans*

Mission asserts that because the disbursements to Stanley were made in advance of Stanley's performance of actual services, they were loans not subject to the levy. However, the implementing regulation of Section 6331(e) specifically

7

includes advances within the ambit of a continuing levy. The regulation provides that a continuing levy "attaches to both salary or wages earned but not yet paid at the time of the levy, *advances on salary or wages made subsequent to the date of the levy*, and salary or wages earned and becoming payable subsequent to the date of the levy, until the levy is released." 26 C.F.R. § 301.6331-1(b)(1) (emphasis added).

That Stanley did not subsequently earn the wages advanced is irrelevant. At the moment Mission made the payments, those funds were subject to the levy as advances. Mission had a duty to surrender property subject to the levy, and it lacked a basis for failure to comply with that duty at the time the disbursements were made. *See* 26 U.S.C. § 6332(d)(1). Had Mission surrendered the payments to the IRS, it would have been immune from liability for wrongful compliance. *Id.* § 6332(e); *see also Melton v. Teachers Ins. & Annuity Ass'n of Am.,* 114 F.3d 557, 561 (5th Cir. 1997). Mission was without legal excuse for its failure to comply.

## C.    *Stanley or VPCT as the member of Mission*

Mission argues that it could not honor a levy against Stanley, since only his wholly-owned corporation, VPCT, was a member of Mission. Mission maintains that the district court impermissibly "pierced" VPCT to reach Stanley. Mission implies that the IRS ought to have levied against VPCT instead of against Mission. However, the evidence shows that none of the disputed funds ever went to VPCT. Indeed, each check from Mission was made payable to Stanley and was deposited into his personal bank account.

In any case, the levy applied to all of Stanley's rights to property in Mission's possession. As sole owner of VPCT, Stanley had rights in the funds disbursed by Mission.

### D.    *Stanley's exemptions from levy under 26 U.S.C. § 6334*

Following the district court's summary judgment, Mission asserted that the amounts owed to the IRS ought to be reduced by two specific exemptions to which Stanley is entitled. Mission filed a motion to clarify the portion of the district court's opinion determining that it was liable for the entire amount distributed to Stanley during the operation of the levy. To the extent that Mission sought a reduction in its liability, the district court denied the motion.

The first exemption Mission claimed was for Stanley's $5,000 monthly child support obligation. *See* 26 U.S.C. § 6334(a)(8). A child support order issued by a court of competent jurisdiction may be exempt from levy under Section 6334(a)(8). The implementing regulation for that Section specifically mandated that a taxpayer claiming such exemption establish the amount that satisfies the child support decree. 26 C.F.R. § 301.6334-1(a)(8). The IRS is not required to release the levy until the taxpayer proves that the funds will actually be used to pay that obligation. *Id.*

Stanley did not provide any such documentation until June of 2007. At the time Mission failed to honor the levy, it had no reason to withhold this amount. Accordingly, Stanley's tardy compliance with the regulation may not be used to reduce Mission's liability to the IRS retroactively.

The second exemption Mission seeks is a $1,012.50 personal exemption. *See* 26 U.S.C. 6334(a)(9), (d). Like the child support provision, the taxpayer is required to produce certain documentation to establish his entitlement to this exemption. 26 C.F.R. § 301.6334-3(c). The applicable Treasury Regulation requires a "written and properly verified statement" to validate the proper amount of the exemption. *Id.*

The consequences of failing to provide the proper documentation, though, are different for the personal exemption. This regulation also provides a "fallback" provision for a taxpayer who fails to comply with the documentation

9

No. 09-60402

requirement.  In the absence of proper documentation, this exemption will be calculated as if the taxpayer is a married individual filing separately with only one personal exemption.  26 U.S.C. § 6334(d).  Although Stanley did not file his exemption statement until June of 2007, he is nevertheless entitled to the fallback exemption.

The IRS contends that another factor complicates the validity of Stanley's personal exemption. The regulations provide that where a taxpayer has a source of income separate from the source levied which produces income equal to or greater than the amount of exemption to which he is entitled, the exemption will not apply.  26 C.F.R. § 301.6334-2(c).  The IRS asserts that Stanley never demonstrated that he had no other source of income, thus he is not entitled to the exemption.

We disagree with the IRS.  The applicable regulation expressly places the onus on the IRS to notify the entity on whom the levy was served if the taxpayer has another source of income. *Id.*  We have previously recognized and upheld the IRS's duty to provide notice as a prerequisite to claiming that a taxpayer is not entitled to this exemption. *Melton*, 114 F.3d at 560.  Accordingly, the district court erred in disallowing Stanley's personal exemption.  Mission is entitled to assert this exemption to reduce its liability to the IRS.

We REVERSE and REMAND to the district court for recalculation of Mission's liability.  In all other respects, we AFFIRM.[3]

---

[3]  Mission made a cursory request that this Court review the assessment of prejudgment and postjudgment interest on the amounts owing to the IRS.  Mission did not raise this argument before the district court, and did not sufficiently brief it here.  The argument is thereby waived. *Sw. Bell Tel., L.P. v. City of Houston*, 529 F.3d 257, 263 (5th Cir. 2008).