T.C. Summary Opinion 2012-52


UNITED STATES TAX COURT


WILLIAM L. WEAVER AND DOROTHY J. WEAVER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8055-11S.                    Filed June 7, 2012.


William L. Weaver and Dorothy J. Weaver, pro se.

<u>Jeffrey D. Heiderscheit</u>, for respondent.


SUMMARY OPINION


KROUPA, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463[1] of the Internal Revenue Code in effect when the petition was filed.  Pursuant

_____

[1]All section references are to the Internal Revenue Code in effect for 2007, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless

(continued...)

to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $8,909[2] deficiency in and a $1,782 penalty with respect to petitioners' Federal income tax for 2007. We are asked to decide two issues. The first issue is whether a foreign consulate's payment to petitioner wife after she resigned from her position constituted self-employment income. We hold the payment constituted self-employment income. The second issue is whether petitioners are liable for an accuracy-related penalty under section 6662(a). We hold they are liable.

## Background

This case was submitted fully stipulated under Rule 122. The stipulation of facts and the accompanying exhibits are incorporated by this reference. Petitioners resided in Texas when they filed the petition.

Petitioner Dorothy Weaver began working as a business-development officer for the Consulate General of Canada in San Francisco (Consulate) in late 1991. In December 2002 Mrs. Weaver became unable to work due to a medical disability

---

[1](...continued)
otherwise indicated.

[2]All monetary amounts are rounded to the nearest dollar.

and took a leave of absence from the Consulate. The Consulate was required to keep Mrs. Weaver's position open until she returned to work or relinquished her position.

Mrs. Weaver's medical disability continued, and she eventually relinquished her position with the Consulate in September 2006. The Consulate made a payment to Mrs. Weaver of $66,851 in 2007 (payment). The Consulate characterized the payment as a "severance payment" in a letter to Mrs. Weaver and calculated it based on Mrs. Weaver's length of service, annual salary and age.

A tax professional prepared petitioners' timely filed Federal income tax return for 2007. Petitioners reported the payment as "other income" on the return. Petitioners did not pay self-employment tax for 2007 although they previously had paid self-employment tax on Mrs. Weaver's income from the Consulate. Respondent issued petitioners the deficiency notice determining that the payment constituted self-employment income and was subject to self-employment tax. Petitioners filed a timely petition for redetermination with this Court.

## Discussion

We must decide whether the payment Mrs. Weaver received from the Consulate after relinquishing her position constitutes self-employment income. We

also must decide whether petitioners are liable for an accuracy-related penalty for 2007. We address each issue in turn.

## I. Self-Employment Tax Liability

Self-employment tax is imposed on an individual's self-employment income. Sec. 1401(a) and (b). Self employment income is defined as "net earnings from self-employment." Sec. 1402(b). Net earnings from self-employment is income derived from a trade or business carried on by the individual, less any allowable deductions. Sec. 1402(a).

In general, compensation earned from the performance of services as an employee is not self-employment income. Sec. 1402(a), (c) (2). An exception to this general rule applies, however, to compensation earned in the employ of a foreign government in the United States by a citizen of the United States. Secs. 1402(c)(2)(C), 3121(b)(11). Thus, Mrs. Weaver is required to pay self-employment tax on the compensation she earned from the Consulate as an employee.

Petitioners argue that the Consulate made the payment to Mrs. Weaver on account of disability and therefore the payment is not wages subject to self-employment tax. Certain payments on account of disability are not considered wages for purposes of employment tax. Sec. 3121(a)(2)(A). Respondent argues

that the payment was not made on account of disability. Instead, respondent asserts that the payment was a severance payment and was therefore subject to self-employment tax. We agree with respondent.

Severance pay is a form of compensation for services. Sec. 1.61-2(a)(1), Income Tax Regs. It is paid to an employee by an employer for termination of the employer-employee relationship.[3] Meehan v. Commissioner, 122 T.C. 396, 401-403 (2004). This Court has previously characterized severance pay as a replacement or substitute for salary or wages for Federal tax purposes.[4] Id.; Gross v. Commissioner, T.C. Memo. 2000-342; Keel v. Commissioner, T.C. Memo. 1997-278. Accordingly, the payment constitutes self-employment income if it is properly characterized as a severance payment.

We now turn to whether the payment is a severance payment. Severance pay is typically calculated by reference to an employee's salary and length of tenure. Meehan v. Commissioner, 122 T.C. at 401; see also Laguaite v. Commissioner, T.C. Memo. 2000-103; Donnel v. United States, 50 Fed. Cl. 375 (2001). The

---

[3]Severance pay is generally considered to be ordinary gross income. Metelski v. Commissioner, T.C. Memo. 2000-95, aff'd without published opinion, 263 F. 3d 159 (3d Cir. 2001).

[4]This may be true even when the employee claims to have left employment due to physical illness. See, e.g., Lubart v. Commissioner, 154 F.3d 539 (5th Cir. 1998), aff'g T.C. Memo. 1997-343.

determination of whether a payment represents severance pay or some other form of payment is ultimately a question of fact, and taxpayers bear the burden of overcoming the deficiency notice's presumption of correctness. Rule 142(a); Ahmed v. Commissioner, T.C. Memo. 2011-295.

The record as whole reflects that the payment was severance pay. The Consulate was required to hold Mrs. Weaver's job until she returned to or relinquished her position and made the payment to Mrs. Weaver only after she agreed to retire. The Consulate characterized the payment as a severance payment in a confirmation letter issued to Mrs. Weaver and calculated the payment based on Mrs. Weaver's length of service and salary.

In contrast, there is nothing in the record designating the payment as made on account of Mrs. Weaver's medical disability. The record does not reflect that the Consulate made the payment to settle any claim Mrs. Weaver may have had against the Consulate for her injuries. Indeed, Mrs. Weaver never filed a complaint against the Consulate seeking tort damages for physical injury. More generally, petitioners failed to show that the payment was made to her on account of her disability. We find that the payment constitutes a severance payment and not a payment made on account of Mrs. Weaver's disability. Accordingly, we hold

that the payment is self-employment income and therefore subject to self-employment tax.

## II. Accuracy-Related Penalty

We now turn to respondent's determination that petitioners are liable for an accuracy-related penalty under section 6662(a) for 2007. The Commissioner has the burden of production and must come forward with sufficient evidence that it is appropriate to impose a penalty. Sec. 7491(c); see Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). A taxpayer is liable for an accuracy-related penalty on any part of an underpayment attributable to, among other things, a substantial understatement of income tax. Sec. 6662(b)(2). There is a substantial understatement of income tax if the amount of the understatement exceeds the greater of either 10% of the tax required to be shown on the return, or $5,000. Sec. 6662(a), (b)(2), (d)(1)(A); sec. 1.6662-4(a), Income Tax Regs.

Respondent has met his burden of production. The tax shown on petitioners' return was $15,904, and the tax required to be shown on the return was $24,813. Accordingly, the Court's decision that the payment was subject to self-employment tax results in a understatement of income tax for 2007 that exceeds the greater of either 10% of the tax required to be shown on the return, or

$5,000.  See Higbee v. Commissioner, 116 T.C. at 446; Jarman v. Commissioner, T.C. Memo. 2010-285.

A taxpayer is not liable for an accuracy-related penalty, however, if the taxpayer acted with reasonable cause and in good faith with respect to any portion of the underpayment.  Sec. 6664(c)(1); sec. 1.6664-4(a), Income Tax Regs.  The determination of whether the taxpayer acted with reasonable cause and in good faith depends on the pertinent facts and circumstances, including the taxpayer's efforts to assess his or her proper tax liability, the knowledge and experience of the taxpayer, and the taxpayer's reliance on the advice of a professional.  Sec. 1.6664-4(b)(1), Income Tax Regs.  The taxpayer bears the burden of proof with respect to the reasonable cause and good faith defense.  Sec. 7491(c); Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446.

Petitioners ask that we not sustain the accuracy-related penalty because they had a tax professional prepare the return for 2007.  We have found that reliance on a tax professional demonstrates reasonable cause when a taxpayer selects a competent tax adviser, supplies the adviser with all relevant information and, consistent with ordinary business care and prudence, relies on the adviser's professional judgment as to the taxpayer's tax obligations.  Sec. 6664(c)(1); Estate of Young v. Commissioner, 110 T.C. 297 (1998); Am. Props., Inc. v.

Commissioner, 28 T.C. 1100 (1957), aff'd, 262 F.2d 150 (9th Cir. 1958). All facts and circumstances are considered in determining whether a taxpayer reasonably relied in good faith on professional advice, including the taxpayer's education, sophistication and business experience. Sec. 1.6664-4(a) and (b), Income Tax Regs.

Petitioners have not established that their reliance on their return preparer was reasonable and in good faith. This case was fully stipulated. That does not relieve petitioners, however, of their burden. Petitioners failed to demonstrate that they provided all the necessary and accurate information to the return preparer. We cannot turn a blind eye to this oversight and simply accept petitioners' assertion alone that they relied upon the return preparer as a defense against the accuracy-related penalty. See Peacock v. Commissioner, T.C. Memo. 2002-122. Moreover, petitioners failed to otherwise show that their failure to report the payment as self-employment income was due to reasonable cause and was in good faith. Accordingly, we sustain respondent's determination that petitioners are liable for the accuracy-related penalty under section 6662(a) for 2007.

We have considered all arguments made in reaching our decisions and, to the extent not mentioned, we conclude that they are moot, irrelevant or without merit.

To reflect the foregoing,

Decision will be entered

for respondent.