117 T.C. No. 6

UNITED STATES TAX COURT

LEONARD PARKER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2712-00L.                     Filed August 21, 2001.

        Before the effective date of secs. 6320 and 6330,
I.R.C. (the effective date), R filed Federal income tax
liens against certain property owned by P.  After the
effective date, R notified P under sec. 6331, I.R.C.,
that R intended to levy upon the property and offered
to P the administrative hearing required by sec. 6330,
I.R.C.  R later issued to P a notice of determination
as to the proposed levy, and P petitioned the Court to
review that determination.  R asserts that the Court
lacks jurisdiction to review the determination because
it involves property against which R filed a lien
before the effective date.
        <u>Held</u>:  Sec. 6330(d), I.R.C., grants this Court
jurisdiction to review R's determination.  Sec. 6330,
I.R.C., is effective for collection actions initiated
after the effective date and, for purposes of that
section, R initiated the collection action against P
when R issued to P a notice under sec. 6331, I.R.C.,
stating that R intended to levy upon P's property.

Robert E. Kovacevich, for petitioner.

Catherine L. Campbell, for respondent.


OPINION


LARO, Judge:  Petitioner petitioned the Court to review respondent's determination as to a proposed levy upon petitioner's property.  See sec. 6330(d).[1]  Respondent now moves the Court to dismiss the case for lack of jurisdiction, asserting that respondent filed the Federal tax liens against the property subject to the proposed levy before the effective date of sections 6320 and 6330.  Because respondent notified petitioner after that effective date of respondent's intent to levy upon petitioner's property, we shall deny respondent's motion.

Background

The facts set forth in this section are based on the pleadings, see Rule 36(c), and on the parties' submission of a stipulation with an accompanying exhibit.  We also set forth in this section certain allegations made by respondent in his motion which petitioner did not deny in his response to that motion.

Petitioner is a member of a federally recognized Indian tribe known as the Coeur d'Alene Indian Tribe.  He resided on

---

[1] Section references are to the Internal Revenue Code in effect for the applicable years.  Rule references are to the Tax Court Rules of Practice and Procedure.

property within the Coeur d'Alene Indian reservation when his petition was filed.

Pursuant to section 6331, respondent notified petitioner on September 14, 1999, that respondent intended to levy upon petitioner's property in order to collect Federal income taxes and additions thereto and/or penalties (collectively, taxes) claimed due from petitioner for 1986 through 1996. The liens against the property subject to the proposed levy for the 1986 through 1991 taxes were filed in Kootenai and Benewah Counties, Idaho, on February 20, 1997. The liens against the property subject to the proposed levy for the 1992 through 1995 taxes were filed in Kootenai County, Idaho, on September 15, 1997, and in Benewah County, Idaho, on September 12, 1997. The lien against the property subject to the proposed levy for the 1996 taxes was filed in Benewah County, Idaho, on December 12, 1998.

Petitioner requested a hearing under section 6330 to review respondent's proposed levy. Respondent's Office of Appeals reviewed the proposed levy and determined in a notice of determination that "Appeals should not restrict the appropriate collection action." The notice of determination states:

- The Secretary has provided sufficient verification that the requirements of any applicable law or administrative procedure has [sic] been met.

- Your Request for a Collection Due Process Hearing was submitted under IRC §6330,

objecting to a proposed collection action. You proposed an alternative collection resolution of an offer in compromise. Appeals provided you opportunities to submit the required forms and financial information necessary to determine an adequate offer. You have not responded.

- Without further cooperation, it is Appeals [sic] determination that the proposed collection action should not be restricted, and balances the need for efficient collection of taxes with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary.

## Discussion

Respondent moves the Court to dismiss this case for lack of jurisdiction. Respondent asserts that the Court lacks jurisdiction to review the proposed levy determination because sections 6320 and 6330 were not in effect when the liens were filed against the property subject to the levy. We disagree with respondent's claim that we lack jurisdiction as to the proposed levy determination.

The Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3401, 112 Stat. 685, 746, by adding to the Code sections 6320 and 6330, granted the Court jurisdiction to review the Commissioner's determination as to the propriety of a Federal tax lien or a proposed levy upon property. Congress provided in RRA 1998 that the addition of sections 6320 and 6330 was to be effective for "collection actions initiated" on or after January 19, 1999. Id. subsec. (d), 112 Stat. 750.

The legislation treats as separate actions the Commissioner's filing of a tax lien and the Commissioner's notification of an intent to levy. In the case of liens, section 6320 generally provides that the Commissioner must notify a taxpayer of the filing of any lien under section 6323 and his or her right to an administrative (Appeals Office) hearing as to the propriety of that lien. In the case of levies, section 6330 generally prohibits the Commissioner from levying upon property subject to a lien until the taxpayer has been given notice of and the opportunity for an administrative (Appeals Office) hearing as to the proposed levy. Both sections 6320 and 6330 also give taxpayers the right to petition this Court (or, in certain circumstances, a District Court) for judicial review of the administrative determination if they are dissatisfied with it. Kennedy v. Commissioner, 116 T.C. 225 (2001).

Here, respondent issued to petitioner after January 18, 1999, a notice of determination under section 6330 as to the proposed levy, and petitioner timely petitioned this Court to review that determination. Petitioner's petition requests only a review of the determination set forth in the notice of determination; to wit, respondent's determination under section 6330 as to the proposed levy. Our jurisdiction, therefore, turns on whether, for purposes of section 6330, respondent's notification to petitioner of respondent's intent to levy was the

initiation of a collection action for purposes of the effective date provision of RRA 1998 section 3401(d).

We believe it was.  Respondent asks the Court to interpret the term "collection actions" in RRA 1998 section 3401(d) in a general sense to include a lien and corresponding levy within a single collection action.  In accordance with that view, respondent would have us hold that a collection action is initiated at the same time for purposes of both sections 6320 and 6330.  Respondent also would have us hold that the Court lacks jurisdiction in this case on the ground that respondent commenced the collection action against petitioner before the effective date of section 6330 by filing the tax liens against petitioner's property.

We disagree with respondent's interpretation.  We do not believe that a single act such as respondent's notification to a taxpayer of the filing of a tax lien is the initiation of a single collection action for purposes of both sections 6320 and 6330.  To be sure, Congress treated liens and levies separately within the statutory scheme.  See H. Conf Rept. 105-599, at 265 (1998), 1998-3 C.B. 747, 1019 (separate discussion as to liens and levies).  Compare sec. 6320 (liens) with sec. 6330 (levies).  Consistent with that treatment, we construe the term "collection actions" in RRA 1998 section 3401(d) to require that liens and levies be viewed as separate collection actions for purposes of

that provision.  We consider respondent to have initiated a collection action against petitioner for purposes of section 6330 when respondent notified petitioner that respondent was intending to levy upon petitioner's property.  We do not consider respondent's filing of the liens upon the property as the initiation of that collection action so as to preclude review under section 6330.

On the basis of our conclusion that respondent initiated a collection action for purposes of section 6330 when he issued to petitioner the notice of intent to levy, we hold that we have jurisdiction to decide this case.  Accordingly,

<u>An order will be issued</u>

<u>denying respondent's motion</u>.