T.C. Memo. 2003-62


UNITED STATES TAX COURT


MICHAEL A. MILNES AND ESTHER N. MILNES, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8612-02L.                    Filed March 4, 2003.


Michael A. Milnes and Esther N. Milnes, pro se.

Trent D. Usitalo, for respondent.


MEMORANDUM OPINION


COLVIN, Judge:  This matter is before the Court on respondent's motion for summary judgment.  The issue is whether it is appropriate to decide by summary judgment that respondent's determination to proceed with collection of petitioners' tax liabilities was not an abuse of discretion.  For reasons stated below, we will grant respondent's motion.

Section references are to the Internal Revenue Code as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioners are married and lived in Fresno, California, when they filed their petition. Michael A. Milnes (petitioner) is an attorney.

### A. The Notices of Federal Tax Lien

On August 27, 1992, respondent filed with the Fresno County Recorder's Office a notice of Federal tax lien relating to petitioners' income tax liability for tax year 1991. On March 10, 1997, respondent filed with the Fresno County Recorder's Office a notice of Federal tax lien relating to petitioners' income tax liabilities for tax years 1993 and 1995.

### B. The Notice of Intent To Levy

On March 26, 2001, respondent issued to petitioners a Final Notice of Intent to Levy and Notice of Your Right to a Hearing relating to petitioners' income tax liabilities for 1991, 1993, and 1995. On April 25, 2001, petitioners filed a Request for a Collection Due Process Hearing, Form 12153, for tax years 1987-95[1] in which they contended that: (1) Respondent should abate penalties relating to tax years 1988 and 1989; (2) respondent

---

[1] Petitioners' tax years 1987-90, 1992, and 1994 are not in issue here because respondent's notice of intent to levy did not include those years; only 1991, 1993, and 1995 are at issue here.

failed to respond to petitioner's request to abate penalties for late filing of individual tax returns for 1981-91; (3) petitioners want to extend the time to assess tax to allow time to resolve the above issues and to obtain funds to pay taxes due; and (4) they were entitled to relief on the basis of various claims relating to employment taxes with respect to petitioner's law corporation and the notices of liens filed in 1992 and 1997. Petitioners stated that they had applied for a loan on real property, the proceeds of which they would use to pay their tax liabilities in full.

C.   The Section 6330(b) Hearing and Respondent's Notice of Determination

On March 8 and April 2, 2002, respondent's Appeals Office conducted a hearing on petitioners' case for tax years 1991, 1993, and 1995.  Petitioners attended the hearing.  At the hearing, petitioners offered to obtain a loan on real property to pay their tax liabilities for the years in issue.  Petitioners did not challenge their underlying tax liability for 1991, 1993, or 1995 at the hearing.  The Appeals officer concluded that petitioners did not qualify for alternatives to collection, such as an installment agreement or an offer in compromise, because petitioners were not currently in compliance with Federal tax laws and they had not submitted financial information that would enable respondent to ascertain whether they qualified for any alternatives to collection once they became compliant.

On April 11, 2002, respondent sent petitioners a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (the determination letter), in which respondent denied petitioners' request for relief.

On May 14, 2002, petitioners filed a petition for lien or levy action under section 6320(c) or 6330(d). In their petition, petitioners contended only that: (1) Respondent erred in trying to collect from petitioners employment taxes owed by petitioner's law corporation; and (2) respondent failed to send to their last known address any notice of the Federal tax liens filed in 1992 and 1997. Petitioners did not propose any alternatives to collection in their petition.

Respondent filed a motion for summary judgment. The Court ordered petitioners to file a response to respondent's motion, but they did not do so.

## Discussion

A.   Summary Judgment

Summary judgment is intended to expedite litigation and to avoid the need for expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). We may grant summary judgment if the pleadings, answers to interrogatories, depositions, admissions, affidavits, and any other acceptable materials show that there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(b);

Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988). The moving party bears the burden of proving that there is no genuine issue of material fact. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

B.  Analysis

Petitioners do not challenge the existence or amounts of their underlying income tax liabilities for the years in issue. Where the taxpayer's underlying tax liability is not at issue, we review the Commissioner's administrative determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181 (2000).

There are no genuine issues of material fact. We conclude that summary judgment is appropriate. See Rule 121(b).

1.  Whether We Have Jurisdiction Over Employment Taxes

Petitioners contend that respondent erroneously tried to collect employment taxes related to petitioner's law corporation from petitioners. We lack jurisdiction to decide that issue. Moore v. Commissioner, 114 T.C. 171, 175 (2000).

2.  Whether We Have Jurisdiction To Decide Whether Respondent Sent Notices of Federal Tax Liens to Petitioners' Last Known Address

Petitioners contend that respondent did not send notice of the Federal tax liens for tax years 1991, 1993, and 1995 to their

last known address.  We lack jurisdiction to consider petitioners' claim.  Respondent filed the notices of Federal tax lien on August 27, 1992, and March 10, 1997.  Section 6320 applies to collection actions initiated after January 19, 1999. Internal Revenue Restructuring & Reform Act of 1998, Pub. L. 105-206, sec. 3401, 112 Stat. 746; Hurford v. Commissioner, T.C. Memo. 2002-94; see Parker v. Commissioner, 117 T.C. 63, 66 (2001) (liens and levies are separate collection actions for purposes of sections 6320 and 6330).  Because the notices of Federal tax lien were filed before January 19, 1999, they are not subject to section 6320.

3.  Conclusion

The above discussion rejects the grounds upon which petitioners relied in their petition.  Also, by failing to respond to respondent's motion, petitioners waived their right to contest it.  See Rule 121(d); Lunsford v. Commissioner, 117 T.C. 183, 187 (2001).  We conclude that respondent's determination to proceed with collection of the tax liabilities assessed against petitioners was not an abuse of discretion.  Accordingly, we will grant respondent's motion for summary judgment.

An appropriate order and decision will be entered.