T.C. Memo. 2005-294

UNITED STATES TAX COURT

LEONARD PARKER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2712-00L.                    Filed December 22, 2005.

Robert E. Kovacevich, for petitioner.

Catherine L. Campbell, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, Judge:  The petition in this case was filed in
response to a Notice of Determination Concerning Collection
Action(s) Under Section 6320 and/or 6330 (notice of
determination).  After concessions by petitioner, the issue for
decision is whether there was an abuse of discretion by the
Internal Revenue Service (IRS) in determining that collection of

petitioner's unpaid income tax liabilities for 1986 through 1996 should proceed.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.

### FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner is a member of a federally recognized Indian tribe known as the Coeur d'Alene Indian Tribe. He resided in Idaho at the time that he filed his petition. Petitioner operates a business on property that is held in trust by the United States for the benefit of petitioner.

Petitioner did not file a Form 1040, U.S. Individual Income Tax Return, for any year from 1986 through 1992. Petitioner filed untimely returns for 1993 through 1996; however, the tax due was not paid at the time of the filing of any of these returns.

Petitioner's unpaid taxes, penalties, and interest were duly assessed. Based on the unpaid balances of the assessed tax liabilities, penalties, and interest, the IRS filed Forms 668, Notice of Federal Tax Lien, with respect to 1986 through 1996. The liens for the 1986 through 1991 taxes were filed in Kootenai and Benewah Counties, Idaho, on February 20, 1997. The liens for the 1992 through 1995 taxes were filed in Kootenai County on

September 15, 1997, and in Benewah County on September 12, 1997. The lien for the 1996 taxes was filed in Benewah County on December 12, 1998.

On September 14, 1999, pursuant to section 6331, the IRS mailed to petitioner a "Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing" for 1986 through 1996. In a protest letter dated October 12, 1999, petitioner requested a hearing under section 6330 to review the proposed levy. In a letter dated December 1, 1999, Appeals Officer Lavada Harmon (Harmon) informed petitioner that there was no record of an offer in compromise's having been submitted to the IRS, although petitioner's counsel had indicated that such an offer had been made and rejected. Harmon enclosed the necessary forms to submit an offer in compromise and requested that petitioner complete and return the forms to her by December 20, 1999. A telephonic hearing was held in December 1999 between Harmon and petitioner's counsel. Petitioner never provided the forms or financial information necessary for consideration of an offer in compromise.

The IRS Office of Appeals reviewed the proposed levy and sent a notice of determination dated February 25, 2000, stating that "Appeals should not restrict the appropriate collection action." The notice of determination explained:

The Secretary has provided sufficient verification that the requirements of any applicable law or administrative procedure have been met.

Your request for a Collection Due Process Hearing was submitted under IRC §6330, objecting to the proposed collection action. You proposed an alternative collection resolution of an offer in compromise. Appeals provided you opportunities to submit the required forms and financial information necessary to determine an adequate offer. You have not responded.

Without further cooperation, it is Appeals [sic] determination that the proposed collection action should not be restricted, and balances the need for efficient collection of taxes with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary.

OPINION

The Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3401, 112 Stat. 685, 746, granted the Court jurisdiction to review the Commissioner's determination as to the propriety of a filing of a notice of Federal tax lien under section 6320 or a proposed levy upon property under section 6330. Congress provided in RRA 1998 that the addition of sections 6320 and 6330 was to be effective for "collection actions initiated" on or after January 19, 1999. RRA 1998 sec. 3401(d), 112 Stat. 750. Sections 301.6321-1 and 301.6331-1(a)(5), Proced. & Admin. Regs., state:

Solely for purposes of sections 6321 and 6331, any interest in restricted land held in trust by the United States for an individual noncompetent Indian (and not for a tribe) shall not be deemed to be property, or a right to property, belonging to such Indian. * * *

Petitioner argues that the liens filed by the IRS are invalid because they did not specifically exempt petitioner's property located within the Coeur d'Alene Indian reservation.

The Commissioner's filing of a tax lien and the Commissioner's notification of an intent to levy are separate actions. Parker v. Commissioner, 117 T.C. 63, 65 (2001). Because the liens in this case were filed in 1997 and 1998, prior to the effective date of the statute, section 6320 does not apply, and the Court does not have jurisdiction to review the propriety of the liens. Thus, we decline petitioner's invitation to invalidate the recorded liens. However, the Court does have jurisdiction to review the IRS Office of Appeals' determination to proceed with the proposed levy under section 6330. Id.

Section 6330 generally provides that the IRS cannot proceed with the collection of taxes by way of a levy on a taxpayer's property until the taxpayer has been given notice of and the opportunity for an administrative review of the matter (in the form of an IRS Office of Appeals hearing). Section 6330(c)(1) provides that the Appeals officer shall obtain verification that the requirements of any applicable law or administrative procedure have been met. Section 6330(c)(2)(A) provides that the taxpayer may raise "any relevant issue relating to the unpaid tax" including spousal defenses, challenges to the appropriateness of collection actions, and alternatives to

collection.  The taxpayer may also raise challenges to the existence or amount of the underlying tax liability if he or she did not receive a statutory notice of deficiency with respect to the underlying tax liability or did not otherwise have an opportunity to dispute that liability.  Sec. 6330(c)(2)(B).

Section 6330(c)(3) provides that the determination of the Appeals officer shall take into consideration the verification under section 6330(c)(1), the issues raised by the taxpayer, and whether the proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary.  If the taxpayer is dissatisfied with the determination made after the hearing, judicial review of the determination, such as that sought in this case, is available.  See generally Goza v. Commissioner, 114 T.C. 176, 179-181 (2000).

Where the validity of the underlying tax liability is at issue, the Court will review the matter de novo.  Davis v. Commissioner, 115 T.C. 35, 39 (2000).  However, petitioner does not contest the amount of the underlying tax liability.  Therefore, the Court will review respondent's determination for abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, supra.  In order to prevail, a taxpayer must prove that the Commissioner exercised this

discretion arbitrarily, capriciously, or without sound basis in fact or law. <u>Woodral v. Commissioner</u>, 112 T.C. 19, 23 (1999).

The notice of determination stated that the Commissioner had verified that the requirements of any applicable law or administrative procedure had been met, and petitioner has presented no evidence to the contrary.

Petitioner's brief argues: "Here, the IRS was requested to clarify the exempt property at the hearing. A simple form could have been executed. The IRS refused, thereby violating the due process rights Congress sought to extend to taxpayers like Petitioner." Nothing in the record supports petitioner's claim of a specific request during the Appeals hearing. The testimony at trial shows only that the Appeals Office was aware of petitioner's status and that the lien was not released. In any event, the trust property is exempt from levy. Sec. 301.6331-1(a)(5), Proced. & Admin. Regs. Nothing in the regulations or any authority requires that filed liens expressly exclude exempt property, and we have found no reason why such an express statement is necessary. There is no indication that levy on the exempt property has been or will be attempted.

Petitioner offered no credible evidence showing that respondent's determination was arbitrary, capricious, or without sound basis in law. Based upon our review of the relevant evidence in this case, we conclude that there was no abuse of

discretion when respondent sustained the proposed levy to collect petitioner's unpaid income tax liabilities for 1986 through 1996.

We have considered the arguments of the parties that were not specifically addressed in this opinion. Those arguments are either without merit or irrelevant to our decision.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent.</u>