WILLIAM JEFFREY GILLIAM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gilliam v. Comm'r
Docket No. 165-09L.
United States Tax Court
2010 U.S. Tax Ct. LEXIS 71; September 15, 2010, Decided
*71 Matthew D. Carlson, Pro se, Mather, CA.
L. Paige Marvel, Judge.
L. Paige Marvel
ORDER
Respondent's motion to dismiss for lack of jurisdiction was filed on February 26, 2009. Petitioner's opposition to respondent's motion to dismiss for lack of jurisdiction (opposition) was filed on April 1, 2009. A hearing on respondent's motion was held on May 11, 2009. Petitioner, appearing pro se, and respondent's counsel attended the hearing and were heard.
This case arises from respondent's filing of a Notice of Federal Tax Lien (NFTL) with respect to petitioner's unpaid Federal income tax liabilities for 1993, 1995, and 1996. The NFTL was filed on November 27, 2007. On that same date, respondent mailed to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing under IRC 6320. On December 17, 2007, petitioner submitted a request for a collection due process (CDP) hearing but identified the relevant collection action as a proposed levy. On January 30, 2008, petitioner submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing, in which petitioner confirmed he was requesting a CDP hearing and raised issues with respect to both the proposed levy and the NFTL. Because *72 respondent concluded petitioner's request for a CDP hearing was not timely with respect to the NFTL or the proposed levy, respondent granted petitioner an equivalent hearing and on December 2, 2008, issued a Decision Letter Concerning Equivalent Hearing Under Section 6320 of the Internal Revenue Code (decision letter). Petitioner filed a petition to contest the determination set forth in the decision letter.
Respondent argues in his motion to dismiss that this Court lacks jurisdiction because respondent did not issue a notice of determination, a necessary predicate to this Court's jurisdiction. Respondent's motion requires us to decide whether we have jurisdiction to review respondent's decision to sustain the filing of an NFTL where petitioner requested a CDP hearing within the time specified by statute but identified the wrong collection action in the request.
Background
Petitioner resided in California when he filed his petition. Because of the confusing procedural history, which reflects multiple mistakes by the parties, we review the material facts, which are largely not in dispute, in some detail.
On October 30, 2007, respondent submitted to the Contra Costa County Recorder (Recorder's Office) an NFTL with respect to petitioner's *73 unpaid Federal income tax liabilities for 1993, 1995, and 1996, which misspelled petitioner's name and showed an incorrect address for petitioner. On November 1, 2007, respondent mailed to petitioner by certified mail a Notice of Federal Tax Lien Filing and Your Right To A Hearing Under IRC 6320 (Nov. 1 CDP Lien Notice), which also misspelled petitioner's name and reflected the same incorrect address. Respondent concedes that the Nov. 1 CDP Lien Notice was not mailed to petitioner's last known address.
On November 20, 2007, respondent mailed to petitioner by certified mail a second Notice of Federal Tax Lien Filing and Your Right To A Hearing Under IRC 6320 (Nov. 20 CDP Lien Notice) that also incorrectly spelled petitioner's name and reflected the same incorrect address. However, the Nov. 20 CDP Lien Notice was mailed to petitioner's last known address.
Because the NFTL recorded on October 30, 2007, incorrectly spelled petitioner's name, respondent submitted an amended NFTL to the Recorder's Office, which corrected the spelling of petitioner's name but still showed an incorrect address. The amended NFTL was recorded on November 27, 2007. Also on November 27, 2007, respondent mailed to petitioner a third *74 Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (Nov. 27 CDP Lien Notice). The Nov. 27 CDP Lien Notice informed petitioner that the deadline to request a CDP hearing with respect to the lien was January 4, 2008.[1]
Respondent contends that on December 3, 2007, he mailed to petitioner a notice of intent to levy (NIL) pursuant to section 6331(d). The NIL is not part of the record and its contents are unknown. Respondent argues that the December 3, 2007, NIL did not give petitioner the right to request a CDP hearing because petitioner's right to request a CDP hearing with respect to his 1993, 1995, and 1996 liabilities had lapsed several years earlier, when he failed to respond to prior notices of intent to levy. The only evidence respondent introduced during the motion hearing to prove that these earlier notices of intent to levy were mailed to petitioner was a certified TXMODA transcript for tax period 1993 that was unintelligible because it was not in "plain English". However, petitioner attached to his opposition plain English account transcripts he had received from respondent that showed that "Intent to Levy Collection Due Process Notice[s]" with respect to 1993 and 1995 were mailed to *75 petitioner on November 13, 2002,[2] and that the notices were returned to respondent as "refused/unclaimed" on January 7, 2003.
On December 17, 2007, petitioner mailed a letter to respondent requesting a CDP hearing. Petitioner's letter, in its entirety, read as follows:
Please be advised that I herein am invoking and demanding my right to a collection due process hearing as provided by IR Code § 6330.
I invoke my right to a due process hearing, within 30 days of the date of my receipt of the Internal Revenue Services' [sic] Notice of Intent to Levy, dated as of December 3, 2007.
Petitioner signed the letter and included his telephone number and email address. The envelope in which the letter was mailed included petitioner's mailing address.
On January 30, 2008, petitioner's attorney, William J. Seidel (Mr. Seidel),[3] faxed to respondent a Form 12153 on behalf of petitioner. On the Form 12153, petitioner requested a CDP or equivalent hearing on the basis of a "proposed levy or actual levy". However, an attachment to petitioner's Form 12153 raised both lien and levy issues.
On March 28, 2008, apparently in response to a March 26, 2008, letter from respondent,[4] petitioner sent a letter to respondent requesting *76 a face-to-face hearing. On April 10, 2008, respondent conducted a hearing at the Internal Revenue Service's (IRS) Walnut Creek, California, Appeals Office. Petitioner attended the hearing in person; Mr. Seidel attended by telephone.[5]
On or about December 2, 2008, respondent mailed the decision letter to petitioner. In the decision letter respondent concluded petitioner was not entitled to a CDP hearing under section 6320 or 6330 because petitioner's hearing requests were untimely. Respondent explained his reasoning as follows:
The taxpayer's CDP request dated December 17, 2007 * * * was only with respect to the levy issue. Computer information shows IRS issued notice(s) of intent to levy with CDP rights to the taxpayer more than 4 years prior to December 17, 2007. The taxpayer, therefore, has no present CDP rights under IRC § 6330 with respect to present tax and/or penalty periods, in accordance with Internal Revenue Manual (IRM) 5.1.9.3.2.3.
The taxpayer's representative submitted a second request for a CDP hearing to IRS via facsimile on January 30, 2008. This second request also indicated the request was in regards to the levy issue but included a typed attachment within which the taxpayer raised lien and levy *77 issues. * * * To the extent this second CDP request is in regards to IRC § 6320, the taxpayer's request was considered and is the basis for the present hearing. The taxpayer's request for a hearing submitted to IRS on January 30, 2008, however, was not timely for consideration with respect to the lien issue, in accordance with IRM 5.1.9.3.2.1. The taxpayer's request for a hearing regarding the lien issue, therefore, is an equivalency hearing, in accordance with IRM 5.1.9.3.2.3. [Emphasis added.].
Respondent considered the issues raised by petitioner but ultimately sustained the recordation of the NFTL. The decision letter explained that petitioner had "no right to dispute a decision by the Appeals Office in court under IRC Section 6320." Nevertheless, on or about December 31, 2008, petitioner filed a petition with this Court seeking review of respondent's decision letter.
Discussion
The Tax Court is a court of limited jurisdiction, and we may exercise jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). Our jurisdiction in a collection review proceeding filed pursuant to section 6320 or 6330 generally depends on the issuance of a valid notice of determination and a timely filed petition. Sec. 6330(d)(1); see also, e.g., Sarrell v. Commissioner, 117 T.C. 122, 125 (2001). Jurisdiction *78 must be shown affirmatively, and the burden of establishing jurisdiction is on the party claiming its existence--in this case petitioner. David Dung Le, M.D., Inc. v. Commissioner, 114 T.C. 268, 270 (2000) (citations omitted), affd. without published opinion, 22 Fed. Appx. 837 (9th Cir. 2001).
Respondent argues that we lack jurisdiction because no notice of determination under section 6320 or 6330 was issued to petitioner with respect to petitioner's 1993, 1995, or 1996 Federal income tax liabilities, nor has respondent made a determination with respect to such liabilities. Petitioner counters that the Court's jurisdiction under section 6330(d) does not depend on the label attached to respondent's decision (i.e., a decision letter rather than a notice of determination). We agree with petitioner. As we explained in Craig v. Commissioner, 119 T.C. 252, 258 (2002), "the different names which are assigned to these documents are merely a distinction without a difference when it comes to our jurisdiction". Where the Commissioner's Appeals Office issues a decision letter with respect to a taxpayer's timely request for a hearing, "the 'decision' reflected in the decision letter * * * is a 'determination' for purposes of section 6330(d)(1)." Id. at 259; see also Andre v. Commissioner, 127 T.C. 68, 70 (2006).[6] The crucial question is not the label attached to the Commissioner's correspondence but whether the taxpayer timely requested a CDP *79 hearing with respect to the Commissioner's proposed collection action. Thus, if petitioner's CDP hearing request with respect to the NFTL was timely, respondent's decision letter was, in fact, a determination which we have jurisdiction to review. See sec. 6330(d)(1). Conversely, if petitioner's request for a CDP hearing was untimely, we lack jurisdiction to review respondent's decision and must grant respondent's motion to dismiss.
Sections 6320 and 6330 were added to the Internal Revenue Code (Code) as part of the IRS Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3401(a) and (b), 112 Stat. 685. Section 6320 provides that the Commissioner must notify the taxpayer in writing of the filing of a Federal tax lien under section 6323 and of the taxpayer's right to a hearing with respect to the lien. Parker v. Commissioner, 117 T.C. 63, 65 (2001). Similarly, section 6330 prohibits the Commissioner from levying on a taxpayer's property or rights to property unless the taxpayer has received notice of and the opportunity for an administrative hearing with respect to the levy. Id.
In the case of a lien, the notice must be mailed to the taxpayer not more than 5 business days after the day on which the notice of lien is filed. Sec. 6320(a)(2). The taxpayer must request a hearing within 30 days of the day after the 5-day period described in section 6320(a) (2).[7]Sec. 6320(a) (3) (B); Kennedy v. Commissioner, 116 T.C. 255, 260 (2001). In the *80 case of a levy, the required notice must be provided to the taxpayer not less than 30 days before the first levy with respect to the unpaid tax. Sec. 6330(a)(2). The taxpayer must request a hearing within the 30-day period described in section 6330(a)(2). Sec. 6330(a)(3)(B); Kennedy v. Commissioner, supra.
Sections 6320 and 6330 do not specify what form a taxpayer's request for a CDP hearing must take. In 2002 the Secretary of the Treasury promulgated regulations with respect to sections 6320 and 6330 addressing, inter alia, the timeliness and form of a taxpayer's request for a CDP hearing. See T.D. 8979, 2002-1 C.B. 466; T.D. 8980, 2002-1 C.B. 477. The regulations, which became effective on January 18, 2002, provide that "A written request in any form, which requests a CDP hearing, will be acceptable. The request must include the taxpayer's name, address, and daytime telephone number, and must be signed by the taxpayer or the taxpayer's authorized representative and dated." Secs. 301.6320-1(c)(2), Q&A-C1(i); 301.6330-1(c)(2), Q&A-C1(i), Proced. & Admin. Regs. (emphasis added); see also Andre v. Commissioner, supra at 73 ("the IRS is lenient about what counts as a CDP request"). The Commissioner has no power to waive or extend section 6320's or section 6330's time limits for requesting a CDP hearing. Andre v. Commissioner, supra at 70 (citations omitted). As we explained in Andre v. Commissioner, supra at 73, enforcing the 30-day deadline is crucial to the efficient functioning of the IRS:
The *81 IRS is a bulk-processing organization that sends and receives hundreds of millions of notices and returns each year. If the system is to work, almost all of those notices and returns have to quickly fit into pigeonholes (or their modern-day equivalent, the database field), rather than become the object of contemplation by an IRS clerk charged with finding the right place to put a particular piece of correspondence. This is especially important when a taxpayer's relation to the IRS reaches the point of enforced collection through levy. Section 6330(e) requires the Commissioner—once he receives a request for a CDP hearing—to, stop trying to levy, to start tolling the period of limitations for collection and any criminal prosecution, as well as to toll the period for a taxpayer to file a refund or wrongful levy suit under section 6532.
In 2006 the Secretary of the Treasury promulgated amendments to secs. 301.6320-1 and 301.6330-1, Proced. & Admin. Regs. See T.D. 9290, 2006-2 C.B. 879. The amendments became effective on November 16, 2006, and set forth important changes with respect to the form of a taxpayer's request for a CDP hearing. The amended regulations provide that a taxpayer's request for a CDP hearing must contain the following information:
(A) The taxpayer's *82 name, address, daytime telephone number (if any), and taxpayer identification number (e.g., SSN, ITIN or EIN).
(B) The type of tax involved.
(C) The tax period at issue.
(D) A statement that the taxpayer requests a hearing with Appeals concerning the filing of the NFTL.
(E) The reason or reasons why the taxpayer disagrees with the filing of the NFTL.
(F) The signature of the taxpayer or the taxpayer's authorized representative.
Secs. 301.6320-1(c) (2), Q&A-C1(ii) and 301.6330-1 (c) (2), Q&A-C1(ii), Proced. & Admin. Regs. (emphasis added).
To ensure that taxpayers' hearing requests can be identified and forwarded to the Commissioner's Appeals Office, taxpayers are encouraged, but not required, to use Form 12153. Secs. 301.6320-1(c) (2), Q&A-C1(iv) and 301.6330-1 (c) (2), Q&A-C1(iv), Proced. & Admin. Regs. The amended regulations anticipate, however, that many taxpayers will not use Form 12153, will not fill out the form correctly or completely, or will otherwise submit incomplete CDP hearing requests. To that end, the regulations set forth procedures for the handling and processing of timely but imperfect CDP hearing requests. Specifically, the amended regulations provide that where the Commissioner receives a written request for a *83 CDP hearing that does not meet the requirements of sections 301.6320-1(c)(2), Q&A-C1(ii) and 301.6330-1 (c) (2), Q&A-C1(ii), Proced. & Admin. Regs., the Commissioner "will make a reasonable attempt to contact the taxpayer and request that the taxpayer comply with the unsatisfied requirements. The taxpayer must perfect any timely written request for a CDP hearing that does not satisfy the requirements * * * within a reasonable period of time after a request from the IRS." Secs. 301.6320-1 (c) (2), Q&A-C1(iii) and 301.6330-1 (c) (2), Q&A-C1(iii), Proced. & Admin. Regs. The regulations further provide:
A written request submitted within the 30-day period that does not satisfy the requirements * * * is considered timely if the request is perfected within a reasonable period of time [after the Commissioner has contacted the taxpayer]. If the request for CDP hearing is untimely, either because the request was not submitted within the 30-day period or not perfected within the reasonable period provided, the taxpayer will be notified of the untimeliness of the request and offered an equivalent hearing. In such cases, the taxpayer may obtain an equivalent hearing without submitting an additional request.
Secs. 301.6320-1(c) (2), Q&A-C7 and 301.6330-1 (c) (2), Q&A-C7, *84 Proced. & Admin. Regs. (emphasis added).
The amended regulations do not define a "reasonable period of time" on the grounds that "the timeframe in which to respond to the request, and the method of delivery of the request (i.e., orally or in writing) are more appropriately addressed in the Internal Revenue Manual." T.D. 9290, supra at 88 0. The Internal Revenue Manual provides that a reasonable time for a taxpayer to perfect an incomplete request for a CDP hearing is "generally 15 calendar days". 1 Administration, Internal Revenue Manual (IRM) (CCH), pt. 5.1.9.3.2.2(2) (Jan. 1, 2007). Moreover, the IRM provides that "If the timely but incomplete * * .* [CDP] request is processable when received, then it is timely even if the taxpayer perfects the request late or only perfects the request partially or does not respond."[8]1 Administration, IRM (CCH), pt. 5.1.9.3.2.2(3) (Jan. 1, 2007). A CDP hearing request is "processable" unless the request is:
(a.) Not signed.
(b.) Signed but the signer is not authorized to sign on behalf of the taxpayer (example: an unenrolled return preparer or spouse).
(c.) Signed but the signer does not have proper authorization (no Power of Attorney on file).
(d.) Does not have a valid SSN, *85 ITIN or EIN and one could not be identified. See 1(b) above.
1 Administration, RM (CCH), pt. 5.1.9.3.2.2(3) (Jan. 1, 2007).[9]
After several procedural errors, respondent finally mailed a valid NFTL to petitioner on November 27, 2007. The 5-day period described in section 6320(a)(2) expired on December 4, 2007, and the 30-day period described in section 6320(a)(3)(B) expired on January 4, 2008. On December 17, 2007, petitioner mailed a CDP request to respondent, but the request clearly stated that it was only with respect to respondent's December 3, 2007, NIL (despite the fact that the NIL allegedly did not include CDP rights) and failed to include a reason for the request. The request therefore failed to meet the requirements of section 301.6320-1(c)(2), Q&A-C1(ii)(D) and (E), Proced. & Admin. Regs. On January 30, 2008, petitioner submitted a Form 12153 with a related attachment that clearly stated petitioner was requesting a CDP hearing and raised issues with respect to both the lien filing and the proposed levy.
In accordance with the amended regulations and the above-cited provisions of the IRM, it appears that petitioner submitted an incomplete but processable request for a CDP hearing on December 17, 2007, which put respondent, or should have *86 put respondent, on notice that petitioner wanted a CDP hearing with respect to respondent's proposed collection actions. Such a request was sufficient in our opinion to require respondent to clarify the collection action or actions covered by the request and the reason or reasons why petitioner disagreed with the proposed collection action(s) in accordance with the provisions of the amended regulations and the IRM. Respondent did not introduce any evidence to indicate that he contacted petitioner to clarify and supplement the request nor does respondent contend that the Form 12153 was submitted more than 15 days after any request for clarification that respondent might have made.
Because petitioner's December 17, 2007, request was processable when received by respondent, see 1 Administration, IRM (CCH), pt. 5.1.9.3.2.2(3) (Jan. 1, 2007), respondent should have accepted petitioner's December 17 letter as a timely request for a CDP hearing with respect to respondent's NFTL, even if it was perfected on a later date (i.e., on January 30, 2008).
In a letter dated March 28, 2008, which we admitted into evidence at the hearing as Exhibit 3-R, petitioner explains:
IRS Form 12153, at page 3, describes *87 the deadline for filing due process hearing requests. According to the form, a due process hearing request is timely if it is postmarked within 30 days of the date of the notice of federal tax lien filing or within 30 days of a notice of proposed levy. My letter was clearly postmarked and mailed to the IRS within 30 days of the date of the IRS' notice of intent to levy, and I am therefore entitled to a collection due process hearing rather than an equivalency hearing.
Petitioner clearly evidenced his intent to request a CDP hearing with respect to respondent's collection activities by submitting a timely, if incomplete, request for a hearing on December 17, 2007. He subsequently clarified his intention by submitting the Form 12153 on January 30, 2008. Such a request was sufficient under the circumstances to constitute a timely request for a CDP hearing with respect to the NFTL. Given respondent's numerous mistakes in preparing and mailing the NFTL and related notices, which understandably created confusion for petitioner, we are surprised that respondent did not take steps to help petitioner clarify his intention regarding the requested CDP hearing.
Because we conclude that petitioner *88 timely requested a CDP hearing, it follows that the letter respondent issued following the so-called equivalency hearing was a notice of determination within the meaning of sections 6320 and 6330. Craig v. Commissioner, 119 T.C. at 258. Petitioner timely petitioned the Court in response to the notice. We hold therefore that we have jurisdiction over this proceeding. See secs. 6320(c), 6330(d)(1). It is therefore
ORDERED that respondent's motion to dismiss for lack of jurisdiction, filed February 26, 2009, is hereby denied.
(Signed) L. Paige Marvel
Judge
Dated: Washington, D.C.
September 15, 2010
Footnotes
1. Respondent now contends the Jan. 4, 2008, date was incorrect. According to respondent, petitioner actually had until Dec. 28, 2007, to request a hearing with respect to the lien. However, as between Dec. 28, 2007, and Jan. 4, 2008, the correct date is irrelevant to the resolution of this motion.↩
2. It is unclear whether the notices were sent via certified mail to petitioner's last known address or satisfied the other requirements of section 6330(a)↩.
3. Mr. Seidel is not representing petitioner in this proceeding.↩
4. Respondent's Mar. 26, 2008, letter is not part of the record and its contents are unknown.↩
5. It is unclear whether respondent notified petitioner in advance that the hearing was to be an equivalent hearing or whether the parties believed the hearing was a CDP hearing.↩
6. Conversely, a "notice of determination" issued with respect to a taxpayer's untimely request for a hearing is not a determination under section 6330 and does not vest the Tax Court with jurisdiction to review the Commissioner's decision. See, e.g., Wilson v. Commissioner, 131 T.C. 47, 53↩ (2008).
7. CDP requests made during the 5-day period described in sec. 6320(a)(2) are valid. See Andre v. Commissioner, 127 T.C. 68, 74 n.3 (2006); sec. 301.6320-1 (c) (2), Q&A-C3, Proced. & Admin. Regs↩.
8. Conversely, if a taxpayer submits a timely but nonprocessable request for a CDP hearing, and then perfects the request after the 30-day period described in secs. 6320(a)(3)(B) or 6330(a)(3)(B) has expired, the request is treated as untimely. 1 Administration, IRM (CCH), pt. 5.1.9↩.3.2.1(8) (Jun. 1, 2007).
9. The IRM now provides that a taxpayer's request for a CDP hearing is processable unless, in addition to the above-listed requirements, the request does not include a reason for the request. 1 Administration, IRM (CCH), pt. 5.1.9↩.3.2.2(3) (Nov. 28, 2008) (2008 revision). Respondent revised the IRM before he issued his decision letter but well after petitioner submitted his initial request for a CDP hearing as well as his Form 12153. Accordingly, we conclude that the 2008 revision is inapplicable to petitioner's request for a CDP hearing.